IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CATHERINE ZEMLICK and
RAND LEVITT,

          Plaintiffs,

vs.                                      Civ. No. 09-093 JCH/DJS

REBECCA FABIAN and
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

          Defendants.

## ORDER OF REMAND

This matter comes before the Court on Plaintiffs' *Motion to Remand*, filed February 12, 2009 [Doc. 6]. The Court having carefully considered the motions, briefs, and relevant law, and being otherwise fully informed, finds that Plaintiffs' motion for remand is well taken and is GRANTED.

## BACKGROUND

On November 12, 2008, Plaintiffs filed a civil action in the First Judicial District Court for Santa Fe County, New Mexico against Defendants Rebecca Fabian ("Fabian") and State Farm Mutual Automobile Insurance Company ("State Farm"). Plaintiffs' complaint asserts claims for personal injuries and property damage arising from an automobile accident with Fabian. The complaint names State Farm as a defendant pursuant to its status as Fabian's liability insurance company. The complaint also states a direct cause of action against State Farm for engaging in unfair insurance practices. *See* Complaint, attached as Ex. A to Notice of Removal [Doc. 1]. The complaint alleges that Plaintiffs are residents of Santa Fe County, New Mexico, that Fabian is a

resident of Washington, and that State Farm is a foreign insurance company incorporated in Illinois.  *Id*.  The parties do not dispute that the amount in controversy exceeds $75,000.

Defendant State Farm received the Complaint and Summons on November 17, 2008.  Although Plaintiffs appear to have attempted to serve Defendant Fabian at the address she had given to Plaintiffs' attorney through use of a local professional process server beginning on December 8, 2008, the process server never achieved successful service.  *See* Affidavit of Barry Green, attached to Reply to Defendant Fabian's Response to Motion to Remand [Doc. 13].  Counsel for Fabian, however, accepted service of process on her behalf as of December 31, 2008. *See* Ex. B, attached to Notice of Removal [Doc. 1].  Fabian filed her Notice of Removal on January 29, 2009.  Plaintiffs then timely filed the instant Motion to Remand on February 12, 2009, asserting that Defendant Fabian's notice of removal was untimely.

Removal of an action from state court to federal court is governed by 28 U.S.C. § 1446(b), which provides in relevant part that "the notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based...."  Plaintiffs contend that Fabian's removal was untimely under this provision based on the "first-served" rule, which states that in cases involving multiple defendants, section 1446(b) requires that any notice of removal be filed within thirty days of receipt of service by the first defendant, and that a failure by any defendant to file within this period precludes removal by all defendants, including any defendants formally served after the expiration of the initial thirty day period.  Under this interpretation, any notice of removal would have had to have been filed by

2

December 17, 2008, thirty days after the date State Farm received the Complaint and Summons.[1]

Fabian argues that the Court should apply the "last-served" rule to this case, and find her notice of removal timely because it was filed within thirty days of her receipt of service. Under the "last-served" rule, Section 1446(b) is interpreted as allowing each defendant thirty days from the date of service to file a notice of removal, regardless of when the first defendant was served. *See, e.g., Marano Enters. v. Z-Teca Rests., L.P.*, 254 F.3d 753, 757 (8th Cir. 2001). The parties do not dispute that under the last-served rule, Fabian's notice of removal was timely filed.

Neither the Supreme Court nor the Tenth Circuit has spoken definitively on when the section 1446(b) clock begins running for removal in cases involving multiple defendants served on different days. However, a majority of courts in this district have consistently applied the first-served defendant rule. Fabian acknowledges as much in her brief. *See* Response to Motion to Remand [Doc. 8] at 3. Nonetheless, Fabian urges this Court to adopt the last-served defendant rule, pointing to its adoption by the Fourth, Sixth, and Eighth Circuits, and favorable comments on the rule by authors of treatises. After carefully examining cases supporting both the first-served and last-served defendant rule, the Court declines to adopt the last-served defendant rule in this case.

As a starting point, removal statutes are to be strictly construed to limit the federal court's authority to that expressly provided by Congress. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941). Thus, there is a presumption against removal, *see Martin v. Franklin*

---

[1] Plaintiffs argue that the last day on which any Defendant could file a notice of removal was December 12, 2008, thirty days after the New Mexico Public Regulation Commission's Insurance Division accepted service on behalf of State Farm. Because the notice of removal is untimely regardless of whether the thirty-day clock began running on November 12 or November 17, the Court need not resolve this issue.

*Capital Corp.*, 251 F.3d 1284, 1289 (10th Cir. 2001); *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995), and all doubts should be resolved in favor of remand. *See Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982). Secondly, the Court finds that the first-served rule has the advantage of settling at an early stage the question of whether litigation will proceed in a federal or state forum, as opposed to the last-served rule that could delay determination of a proper forum for months or years in the case of a difficult-to-serve defendant. Most importantly, the Court does not see that the first-served rule unfairly prejudices Defendants under the circumstances of this case. When a first-served defendant allows the thirty-day period to lapse, it has effectively waived its consent to remove the case. Because consent to remove must be unanimous among all defendants, any effort to remove by a subsequently served defendant after the initial thirty day period has run is futile, because the initially-served defendant has already effectively waived its consent. Thus, by adopting the first-served defendant rule, the Court finds that Fabian's notice of removal is untimely, and this case should be remanded to state court.

In this case, removability based on diversity of citizenship was plain on the face of the complaint. Had State Farm chosen to remove the case, it could have attempted to do so.[2] It did not. In this manner, this case is different from one in which the basis for removal only becomes apparent sometime after the filing of the Complaint or one in which a new defendant is added after the initial time to seek removal has run. The Court expresses no opinion as to what rule

---

[2] Fabain contends that State Farm's consent to remove the case is not necessary because it is only a nominal party, and therefore the fact that it did not seek initially to remove the case should not now preclude Fabian from seeking removal. The Court finds that State Farm is not a nominal party because it has claims stated against it directly, and that Fabian's argument is therefore not well taken.

would be applicable in a different type of case.

In addition to moving to remand this action, Plaintiffs also request that this Court award them their attorney's fees, costs, and expenses incurred as a result of removal, pursuant to 28 U.S.C. § 1447(c). Whether to award costs and fees under this provision is a matter for the Court's discretion. *See Excell, Inc. v. Sterling Boiler and Mech., Inc.*, 106 F.3d 318, 322 (10th Cir. 1997). The Court does not find that the case law supporting the first-served defendant rule is nearly so clear as Plaintiffs allege. While Fabian did not prevail on her arguments urging the Court to adopt the last-served defendant rule, such arguments had a strong basis for support, and the Court therefore does not find that Fabian should be penalized for her attempted removal.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiffs' *Motion to Remand* [Doc. 6] is GRANTED, that Plaintiff's request for payment of costs and attorney fees is DENIED, and that this case shall be REMANDED to the First Judicial Court of New Mexico.

_____
**UNITED STATES DISTRICT JUDGE**